UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUNIE LATORTUE, on behalf of herself
and those similarly situated,

             Plaintiff,

vs.                           Case No. 2:09-cv-171-FtM-29DNF

FAST PAYDAY LOANS, INC., a Florida
corporation,

             Defendant.
_____

**OPINION AND ORDER**

     This matter comes before the Court on plaintiffs' Motion to Dismiss Defendant's Counterclaims (Doc. #26) filed on May 29, 2009. Plaintiff asserts that the Court lacks subject-matter jurisdiction to entertain the Counterclaim. Defendant filed a Response (Doc. #28) on June 11, 2009.

**I.**

On May 4, 2009, Lunie Latortue (Latortue or plaintiff) filed a two-count Amended Complaint (Doc. #19) alleging that she was an hourly employee performing customer service representative activities within the last three years in Lee County for her employer, defendant Fast Payday Loans, Inc. (Fast Payday or defendant). Plaintiff alleges that defendant did not pay her time and one-half her regular pay for hours worked in excess of forty hours within a workweek. Plaintiff seeks recovery of overtime

compensation under the Fair Labor Standards Act (FLSA) and recovery of unpaid wages under state law, Fla. Stat. § 448.08.

Defendant filed an Answer, Affirmative Defenses and Counterclaim (Doc. #22). Included in the fourteen Affirmative Defenses was the assertion in the Eighth Affirmative Defense that "[s]ome or all of Plaintiff's claims are barred by the defenses of set-off and recoupment." (Doc. #22, p. 6.) The two-count Counterclaim (Doc. #22, pp. 8-12) alleges, upon information and belief, that plaintiff orchestrated and/or facilitated the theft of $12,600.50 from the branch office on December 4, 2008, while she was supposed to close the office for the evening. Latortue was terminated the next day as a result of the failure to secure defendant's funds. Defendant seeks recovery for civil theft pursuant to Fla. Stat. § 772.11, plus three-fold the damages and attorney's fees, and recovery for conversion of defendant's funds, including possibly punitive damages under Fla. Stat. § 768.72.

**II.**

The Court clearly has jurisdiction over both of plaintiff's claims. The Court has jurisdiction over plaintiff's Fair Labor Standards Act (FLSA) claim pursuant to 28 U.S.C. §§ 1331 and 1337, Brown v. Masonry Prods., Inc., 874 F.2d 1476, 1478 (11th Cir. 1989), and the Court also has jurisdiction over plaintiff's state claim for unpaid wages because that claim is so related to the FLSA claim that it forms "part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. §

1367(a)("...in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

Plaintiff argues that the court has no subject-matter jurisdiction over either count in the Counterclaim because the claims are permissive, have no relationship to plaintiff's claims, and present no independent basis for federal jurisdiction. The Court agrees that it lacks subject-matter jurisdiction over the two counts in the Counterclaim.

While a counterclaim may be included within the scope of "all other claims" provision in § 1367(a), the Court does not have jurisdiction over these counterclaims because the theft of money from an employer on the one occasion alleged is not "part of the same case or controversy under Article III of the United States Constitution" as the FLSA claim. The "same case or controversy under Article III" requires that "[t]he state and federal claims must derive from a common nucleus of operative fact" such that they would ordinarily be expected to be tried in one proceeding. United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966); Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 742-43 (11th Cir. 2006). This requirement is met where the federal and state claims involve the same facts, occurrences, witnesses, and evidence, even

where the elements of the state and federal claims differ. <u>Palmer v. Hospital Auth.</u>, 22 F.3d 1559, 1566 (11th Cir. 1994). There is no indication that the state theft and conversion claims, which relate to what turned out to be plaintiff's last day of work, derived from a common nucleus of operative facts relating to plaintiff's FLSA claim that she did not receive overtime compensation for hours worked in excess of a 40 hour workweek during plaintiff's employment.

Accordingly, it is now

**ORDERED:**

Plaintiffs' Motion to Dismiss Defendant's Counterclaims (Doc. #26) is **GRANTED.** The Counterclaims are **dismissed** for lack of subject-matter jurisdiction, without prejudice to proceeding in state court. The Clerk shall enter judgment dismissing the Counterclaims without prejudice for lack of subject-mater jurisdiction.

**DONE AND ORDERED** at Fort Myers, Florida, this   27th   day of January, 2010.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record