UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUNIE LATORTUE, on behalf of herself
and those similarly situated,

              Plaintiff,

vs.                          Case No. 2:09-cv-171-FtM-29DNF

FAST PAYDAY LOANS, INC.,
a Florida corporation,

              Defendant.
_____

**OPINION AND ORDER**

     This matter comes before the Court on plaintiff's Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members (Doc. #33) filed on July 22, 2009. Defendant filed a Response (Doc. #35) on August 7, 2009, and plaintiff filed a Reply Memorandum in Support (Doc. #41) on September 8, 2009. Also before the Court are defendant's Notice of Supplemental Authority in Support (Doc. #43), plaintiff's Notice of Filing Newly Discovered Evidence (Doc. #44), Amended Notice of Filing Additional Declaration (Doc. #45), and Amended Notice of Filing Additional Declaration (Doc. #46).

**I.**

An action to recover unpaid overtime compensation, 29 U.S.C. § 207, under the Fair Labor Standards Act (FLSA), may be maintained

"against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). The purpose "was to avoid multiple lawsuits where numerous employees have allegedly been harmed by a claimed violation or violations of the FLSA by a particular employer." Prickett v. Dekalb County, 349 F.3d 1294, 1297 (11th Cir. 2003). To demonstrate that plaintiffs are "similarly situated", a opt-in plaintiff "need show only that their positions are similar, not identical, to the positions held by the putative class members." Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1217 (11th Cir. 2001)(quotations and citations omitted). The Eleventh Circuit has adopted a two-tiered approach to certification, as described in Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213-14 (5th Cir. 1995):

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision-usually based only on the pleadings and any affidavits which have been submitted-whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in."

> The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. . . .

Hipp, at 1218. Plaintiff must show that there are other employees who desire to "opt-in" and who are "similarly situated" before giving notice. Dybach v. Fla. Dep't of Corr., 942 F.2d 1562, 1567 (11th Cir. 1991).

## II.

Plaintiff Lunie Latortue and opt-in plaintiffs Loreithia D. Adams, Maria Rosa-Adorno, Yibely Ortega-Messina, Tiffany Spence, and Fadia Bakri, each filed Declarations. The Declarations are virtually identical, except for the locations and dates. Defendant filed the Declaration of Karen James (Doc. #35-2), Associate Vice President for Fast Payday Loans, Inc., in response. The Court will consider the Declarations and pleadings submitted and filed.

### A.

Plaintiff Lunie Latortue worked as an hourly customer service employee in Lee County, Florida from August 2006 until December 2008. Her duties included making bank runs before or after her shift, sometimes both, with a second employee and "off the clock." Plaintiff was told to clock out for her lunch period even if she worked during that period, and plaintiff routinely worked while "on a lunch period." The managers and other employees above plaintiff

routinely shaved time from her time sheets, and plaintiff regularly worked in excess of 40 hours nearly every workweek without receiving time and one-half the regular rate of pay for those hours. Plaintiff personally observed other customer service employees who also did not receive overtime compensation. (Doc. #33-2.)

Plaintiff Yibely Ortega-Messina worked as an hourly customer service employee in Lee County, Florida from November 2007 until January 2008. (Doc. #33-4.) Plaintiff Loreithia worked as an hourly customer service employee in Pinellas County, Florida from March 2007 until June 2007. (Id.) Plaintiff Maria Rosa Adorno worked as an hourly customer service employee in Lee County, Florida from July 2007 until May 2008. (Id.) Plaintiff Tiffany Spence worked as an hourly customer service employee in St. Augustine, Florida, from December 2006 to approximately April or May of 2007. (Doc. #45-1.) Plaintiff Fadia Bakri worked as an hourly customer service employee and manager in Daytona, Beach, Florida from 2004-2005 until May or June 2006. Bakri was a manager for two months before leaving the employment. (Doc. #46-1.) All of the other statements made by Latortue are the same as to each of these plaintiffs.

**B.**

The Declaration of Karen James (Doc. #35-2), Associate Vice President for Fast Payday Loans, Inc., states that a policy against working off-the-clock work is in place and employees are informed

of this policy upon hiring.  Karen James states that Latortue was terminated for failure to properly secure $12,000.00; Adorno was hired as a part-time employee for two months and then became a manager before she eventually quit; Messina was an employee for two months before quitting; and Adams was an employee for approximately 3 months before she abandoned her position.  All of the plaintiffs worked in the same area or district for the same area managers.  The company has since been restructured.  At least one employee does not feel that she was taken advantage of, and that she was paid correctly.  (Doc. #35-3.)  The time records reflect payment of overtime compensation on various occasions to plaintiff Latortue.  (Doc. #35-6.)

### III.

As evidenced by the electronic communications and Declaration of Tiffany Spence and Fax from "Bonnie" at Fast Payday Loans, Inc. (Doc. #35-4), counsel for plaintiff has been able to communicate with former employees without the issuance of a formal notice.  Plaintiff has added a total of 5 additional employees since the inception of this case, and no additional employees since October 2009.  Applying the less stringent standard under Section 216(b), the standard Declarations contain identical conclusory allegations, including that there were others similarly situated and "[t]o my knowledge, there are/were hundreds of individuals employed by Defendant."  Even if the plaintiffs are considered "similarly situated" based on the conclusory Declarations, the plaintiffs

appear to be limited to a particular area and specific area managers and the Declarations are disingenuous as a basis to conditionally certify a class.  See, e.g., Rappaport v. Embarq Mngmt. Co., 6:07-cv-468-Orl-19DAB, 2007 WL 4482581, *4 n.3 (M.D. Fla. Dec. 18, 2007)(collecting cases).  The Court finds that there are not enough potential opt-in plaintiffs to grant conditional certification, and plaintiff has not reasonably demonstrated that there are other potential opt-in plaintiffs requiring notice.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members (Doc. #33) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___11th___ day of February, 2010.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record